UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO[1] GUTIERREZ,<br><br>            Petitioner,<br><br>   v.<br><br>CRAIG KOENIG, Acting Warden,<br><br>            Respondent. | Case No. 19-cv-04432-YGR (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR ENTRY OF DEFAULT; GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY** |

**I.   INTRODUCTION**

Petitioner, a state prisoner proceeding *pro se*, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as successive under 28 U.S.C. § 2244(b). Dkt. 9. In response, Petitioner filed a document entitled, "Motion for Summary Judgment/Default Fed. Rule 55, 56 Notice," in which he alleges Respondent "has failed to respond to [his] habeas [petition] . . . ." Dkt. 10 at 1. Thus, the Court construes this document as a motion requesting the entry of default judgment against Respondent. The Court notes that nowhere in this one-page document does Petitioner oppose the pending motion to dismiss. *See id.*

For the reasons discussed below, the Court DENIES Petitioner's motion requesting the entry of default judgment and GRANTS Respondent's motion to dismiss.

**II.   BACKGROUND**

On May 24, 2011, a Napa County jury convicted Petitioner of kidnapping, false imprisonment by violence, and dissuading a witness in Napa County Superior Court case numbers CR155028 and CR156335. *People v. Gutierrez*, 2013 WL 287151, at *1 (Cal. Ct. App. Jan. 25, 2013). In a bifurcated proceeding, the trial court found true allegations that Petitioner had served a

---

[1] Petitioner's first name was spelled "Ernesto" in his latest filing in this Court, *see* Dkt. 10, as well as in both his state court proceedings and first federal habeas proceedings. Therefore, the Court corrects the spelling of Petitioner's first name to "Ernesto" as opposed to "Earnesto" (as it was misspelled in the caption of the instant petition, *see* Dkt. 1 at 1).

1    prior prison term, had two prior serious felony convictions, and had two prior strike convictions.
2    *Id.* at *1, *3. The trial court sentenced Petitioner to an indeterminate term of twenty-five-years-to-
3    life for kidnapping, a consecutive term of one year for dissuading a witness, a consecutive term of
4    five years for a prior serious felony, and stayed a term of twenty-five-years-to-life on the false
5    imprisonment conviction. *Id.* at *3.

6    On January 25, 2013, the California Court of Appeal reversed the conviction for false
7    imprisonment, vacated the sentence for dissuading a witness, and instructed the trial court to
8    resentence Petitioner on the dissuading a witness count. *Id.* at *13. The judgment was affirmed in
9    all other respects. *Id.*

10   On May 1, 2013, the California Supreme Court denied review. Resp't Ex. 1.

11   On September 12, 2013, the trial court resentenced Petitioner to twenty-five years to life
12   with a consecutive determinate term of seven years. Dkt. 1 at 1, 9.

13   On April 9, 2014, Petitioner filed his first state habeas petition in the California Supreme
14   Court. Resp't Ex. 2. On June 11, 2014, the state supreme court denied the petition with citations
15   to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), *In re Waltreus*, 62 Cal. 2d 218, 225 (1965), and *In
16   re Swain*, 34 Cal. 2d 300, 304 (1949). *See id.*

17   On August 19, 2014, Petitioner filed his first federal habeas petition in this Court,
18   *Gutierrez v. Davey*, Case No. 14-03767 YGR (PR), alleging that: (1) trial counsel was ineffective;
19   and (2) there was insufficient evidence to support the charge of dissuading a witness. *See* Dkt. 1
20   in Case No. 14-03767 YGR (PR).

21   On February 16, 2016, the Court denied Petitioner's first federal habeas petition on the
22   merits, entered judgment in favor of Respondent, and denied a certificate of appealability. *See*
23   Dkts. 19-20 in Case No. 14-03767 YGR (PR).[2]

24   On August 15, 2016, Petitioner filed a state habeas petition in the Napa County Superior
25   Court. Resp't Ex. 3. On January 17, 2017, the state superior court denied the petition. *See id.*

26   On April 5, 2017, Petitioner filed a state habeas petition in California Court of Appeal.

---

[2] On September 12, 2016, the Ninth Circuit denied a certificate of appealability. *See Gutierrez v. Davey*, No. 16-15387.

1  Resp't Ex. 4.  On November 15, 2017, the state appellate court denied the petition.  *See id.*

2  On January 22, 2018, Petitioner filed his second state habeas petition in the California

3  Supreme Court.  Resp't Ex. 5.  On April 11, 2018, the state supreme court denied the petition.  *See*

4  *id.*

5  On July 3, 2018, Petitioner filed his second state habeas petition in the Napa County

6  Superior Court.  Dkt. 1 at 7.  On October 23, 2018, the state superior court denied the petition as

7  successive and untimely.  *Id.* at 29-30.

8  On November 19, 2018, Petitioner filed his second state habeas petition in the California

9  Court of Appeal.  Resp't Ex. 6.  On December 12, 2018, the court denied claims one and two of

10 the petition as successive and untimely, and denied all claims in the petition on the merits.  *See id.*

11 On February 6, 2019, Petitioner filed his third state habeas petition in the California

12 Supreme Court.  Resp't Ex. 7.  On June 12, 2019, the California Supreme Court denied the

13 petition as successive and untimely.  *See id.*

14 On August 1, 2019, Petitioner filed his second federal habeas petition in this Court,

15 challenging the same state criminal judgment.  Dkt. 1.  On November 12, 2019, this Court ordered

16 Respondent to show cause why the petition should not be granted.  Dkt. 5.  As mentioned, after

17 being granted an extension of time to do so, Respondent has filed the instant motion to dismiss the

18 instant petition as successive.  Dkt. 9.  Instead of filing an opposition, Petitioner has filed a

19 document, which the Court has construed as a motion requesting the entry of default judgment

20 against Respondent.  Dkt. 10.

21 **III.    DISCUSSION**

22 **A.    Petitioner's Motion for Entry of Default Judgment**

23 Petitioner argues that Respondent failed to respond to his petition as ordered by the Court

24 in its January 15, 2020 Order, in which Respondent was granted an extension of time to file a

25 response to the petition no later than March 13, 2020.  Dkt. 10 at 1.  However, the record shows

26 that Respondent filed a motion to dismiss two days before the deadline—on March 11, 2020.  *See*

27 Dkt. 9.  Thus, a default judgment is inappropriate.  Accordingly, Petitioner's motion for an entry

28 of default is DENIED.  Dkt. 10.

3

**B.     Respondent's Motion to Dismiss**

A claim presented in a second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be dismissed if presented in a prior petition. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). Similarly, if a claim was previously presented, then asserting a new factual basis for that claim in a second or successive petition is not sufficient to prevent dismissal. *See id.* at 746 (ineffective assistance claim based on counsel's alcohol abuse successive of claim that counsel failed to present Post Traumatic Stress Disorder claim). As a consequence, a petitioner must obtain an order from the court of appeals which authorizes the district court to consider any second or successive petition before that petitioner can file such a petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such an order, a district court must dismiss the successive petition, including any new claims raised in that petition. *See id.* § 2244(b)(2).

Here, Respondent contends that the instant petition is successive because Petitioner has filed a prior federal habeas petition, which challenged the same underlying state conviction. Dkt. 9 at 3-4. As mentioned above, in his first federal habeas action, Case No. 14-03767 YGR (PR), this Court denied the petition on the merits. *See* Dkts. 19-20 in Case No. 14-03767 YGR (PR). Respondent contends this Court has no jurisdiction to consider Petitioner's second federal habeas petition because Petitioner has made no showing that he obtained an order from the Ninth Circuit allowing him to file a successive petition. Thus, Respondent asserts the petition must be dismissed as successive under 28 U.S.C. § 2244(b).

In response to the motion, Petitioner filed the aforementioned motion for an entry of default. Dkt. 10. In that filing, Petitioner does not deny that he filed a previous federal habeas petition as shown by Respondent. *See id.*

There is no dispute that Petitioner has not sought or obtained an order from the Ninth Circuit authorizing him to file a second or successive habeas petition in federal court. Accordingly, this Court must dismiss the instant petition in its entirety under section 2244(b).

**IV.    CONCLUSION**

For the foregoing reasons, Petitioner's motion for an entry of default is DENIED. Dkt. 10.

1  Respondent's motion to dismiss the petition as successive is GRANTED. Dkt. 9. The instant
2  petition is DISMISSED as a successive petition pursuant to section 2244(b).

3  No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules
4  Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of
5  appealability in same order that denies petition). Petitioner has not shown "that jurists of reason
6  would find it debatable whether the petition states a valid claim of the denial of a constitutional
7  right and that jurists of reason would find it debatable whether the district court was correct in its
8  procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

9  The Clerk of the Court shall terminate any pending motions and close the file.

10  This Order terminates Docket Nos. 9 and 10.

11  IT IS SO ORDERED.

12  Dated: 11/16/2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge